USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 31 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ALEXANDER ANDERSON,

                Plaintiff,

     -against-

CITY OF NEW YORK; HEALTH AND
HOSPITAL CORPORATION; MIRIAM CARASA,
individually and as Chief Operation Officer for
Lincoln Hospital; ABDUL MONDUL, individually
and as Chief Patient Safety Officer for Lincoln
Hospital; DAVID NADAL, individually and as
Director of Labor Relations; ATHENA MOTAL,
individually and as Executive Director of Social
Services; MILLY TORO, individually and as
Associate Director of Social Services; NICOLE
ROBINSON, individually and as Director of
Behavioral Health Department; and MARIA
KAZAKI-MAHER, individually and as PASA
Program Supervisor,

                Defendants.

------------------------------------- x

**MEMORANDUM DECISION
AND ORDER**

16 Civ. 1051 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Alexander Anderson, an employee of Lincoln Hospital, filed this action against Defendants the City of New York, the New York City Health and Hospital Corporation ("HHC"), Miriam Carasa, Abdul Mondul, David Nadal, Athena Motal, Milly Toro, Nicole Robinson, and Maria Kazaki-Maher, claiming that Defendants discriminated against him, subjected him to a hostile work environment, and retaliated against him, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; 42 U.S.C. § 1983 ("Section 1983"); the New York City Human Rights Law, New York City Admin. Code §§

8-101 *et seq.* ("NYCHRL"); and Article I, §§ 6, 8, and 11 of the New York Constitution.[1] (First Am. Compl. ("FAC"), ECF No. 35.) Defendants moved to dismiss the FAC pursuant to Rules 4(m) and 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure. (Defs.' Mot. Dismiss ("Mot."), ECF Nos. 40–42.)

This matter was referred to Magistrate Judge Katharine H. Parker on March 2, 2016. (ECF No. 3.) Before this Court is Magistrate Judge Parker's Report and Recommendation ("Report," ECF No. 48)[2] recommending that Defendants' Motion to Dismiss be granted with respect to: (i) all counts as to New York City[3]; (ii) Counts 5, 6, 7, 8, 10, 11, 12, and 13 as to all Defendants; (iii) Count 9 as to HHC, and Individual Defendants Nadal, Kazaki-Maher, and Toro[4]; (iv) Count 18 as to all Defendants except HHC; and (v) Plaintiff's claims for punitive

---

[1] Plaintiff states in the FAC that he is entitled to "recover . . . damages" pursuant to the New York State Human Rights Law, Executive Law §§ 290 *et seq.* ("NYSHRL"). *See* FAC ¶ 5. However, none of Plaintiff's nineteen causes of action is brought pursuant to that statute. Therefore, the Court assumes, notwithstanding his passing reference to the NYSHRL, that Plaintiff elected not to pursue claims under the NYSHRL.

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

[3] Although Magistrate Judge Parker evaluated the claims brought against New York City on the merits, the Report properly recommends that "Plaintiff's request for additional time to serve New York City be denied with prejudice." (Report at 53.) Given that "any extension of time to serve New York City would be futile[,]" as Plaintiff does not "plead any facts that implicate the City specifically in any wrongdoing (Report at 53), all counts against New York City are dismissed.

[4] The Report recommends granting Defendants' Motion to Dismiss "as to Count 9 with respect to Individual Defendants Nadal, Maher, *or* Toro. . . ." (Report at 24) (emphasis added). It is clear, however, from the rest of the Report that Magistrate Judge Parker recommends dismissing Count 9 with respect to Individual Defendants Nadal, Maher, *and* Toro. (*See* Report at 34 ("[t]here is a dearth of facts in the FAC regarding whether Defendants Nadal, Maher, or Toro made or significantly influenced promotion decisions. Therefore, *they* should be dismissed as Defendants with respect to Count 9 of the FAC. . . .") (emphasis added).

damages as to HHC. (Report at 53–54.) The Report further recommends that Plaintiff's request for additional time to serve Defendant Kazaki-Maher be granted. (*Id.*)[5]

Though Magistrate Judge Parker advised this Court that certain portions of Plaintiff's remaining claims ought to fail due to various deficiencies[6], the Report does not recommend dismissing those remaining claims *in their entirety*. Although those remaining claims will not be completely dismissed *per se*, because this Court adopts the Report's recommendations in full, the deficient portions of those remaining claims are not to be further litigated.

Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 54); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed objections to that part of the Report which found that some of Plaintiff's claims were time-barred. (Pl.'s Objs. to Report ("Pl.'s Objs."), ECF No. 49.) Defendants filed a response. (Defs.' Resp. to Pl.'s Obj. ("Defs.' Resp."), ECF No. 52.) Plaintiff also filed a letter in reply to Defendants' Response. ("Pl.'s Reply Letter"), ECF No. 54.) This Court overrules Plaintiff's Objections and adopts the Report's recommendations in full.

## I.  LEGAL STANDARD

This court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See Id.*; Fed. R. Civ. P. 72(b). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars,*

---

[5] Plaintiff is granted an extension of thirty days from the filing of this Order in which to serve Defendant Kazaki-Maher.

[6] *See* Report at 53, (iii), (iv), (vi); 54 as to Counts 1, 2, 3, 14, 15, 16, and 17.

3

*LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal citation omitted). There is no clear error on the face of the record as to those portions of the Report to which no objections were made.

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted). If a party's objection reiterates a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7–Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009).

Plaintiff's only objections are to Magistrate Judge Parker's determination that the statute of limitations bars any Title VII claims based on acts occurring before February 13, 2014. (Pl.'s Objs. at 1.) Based on newly submitted evidence, Plaintiff argues that the statute of limitations instead bars only claims based on acts that occurred before November 19, 2013. (*Id.*) This Court considered the issues raised in Plaintiff's Objections and reviewed *de novo* the objected-to portions of the Report.

## II. TITLE VII STATUTE OF LIMITATIONS

Plaintiff alleges that, in violation of Title VII, he applied for and was denied positions within Lincoln Hospital on four separate occasions: (1) on December 13, 2013, when Defendant Kazaki-Maher was appointed as the PASA Program Supervisor, a position that was recently

4

vacated and in which Plaintiff expressed interest (FAC ¶¶ 103–09); (2) in March 2014, when Defendants Motal and Robinson hired Jessica Erickson as the MCU Social Worker Supervisor Level III, a position for which Plaintiff interviewed (FAC ¶¶ 134–38); (3) in June 2014, when Defendant Motal hired Ilana Holowitz for the MICA Addiction Counselor Supervisor Level III, a position for which Plaintiff interviewed (FAC ¶¶ 170–74); and (4) in March 2015, when Defendant Robinson hired Enid Jones-Burton as the MICA Addiction Counselor Supervisor, a position in which Plaintiff expressed interest (FAC ¶¶ 225–27).

Title VII's statute of limitations bars claims based on events occurring more than 300 days before filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Riddle v. Citigroup*, 499 F. App'x 66, 69 (2d Cir. 2011) (citing 42 U.S.C. §§ 2000e–5(e)(1), (f)(1) (Title VII)). "[A] private plaintiff must first file a timely charge with the EEOC . . . [a]s a predicate to filing suit under [Title VII]." *Id.* The filing of an EEOC Intake Questionnaire ("Questionnaire") may constitute a charge for the purposes of bringing a Title VII claim, but only if it is "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

Plaintiff filed a Questionnaire with the EEOC on September 15, 2014. (*See* Pl.'s Objs., Ex. A.) Plaintiff thereafter filed a formal charge of discrimination with the EEOC on December 10, 2014 (*see* Decl. Garrett Kamen Supp. Defs.' Mot. Dismiss ("Kamen Decl."), Ex. B, ECF No. 42-2) and then an amended charge on February 26, 2015 (*see* Kamen Decl., Ex. C, ECF No. 42-3), asserting race and sex discrimination and retaliation. Plaintiff argues that the date from which the statute of limitations should be calculated is September 15, 2014—when he filed the Questionnaire—allowing him to bring claims based on acts occurring on or after November 19,

2013. (Pl.'s Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 46, at 6.) Were this the case, none of the four occasions on which Plaintiff was allegedly denied a promotion would be time-barred. While Plaintiff referred to the Questionnaire as being attached to his Complaint as Exhibit K (*id.*), Defendants correctly noted that no such document was attached to the Complaint or any other of Plaintiff's filings. (Defs.' Reply Pl.'s Opp'n Mot. Dismiss ("Defs.' Reply"), ECF No. 47, at 2.) Having not seen the Questionnaire, Magistrate Judge Parker recommended that "the statute of limitations period for Plaintiff's Title VII claims should be calculated from the date of the EEOC charge filed on December 10, 2014[,]" barring all Title VII claims based on acts occurring before February 13, 2014. (*Id.* at 46–47.) Plaintiff's Title VII claim based on Defendants' alleged failure to promote him on December 13, 2013 would therefore be time-barred.

In his Objections to the Report, Plaintiff finally provided this Court with the Questionnaire. (Pl.'s Objs., Ex. A, ECF No. 49-1.) While this Court may consider further evidence raised in objections to a Report (*see* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C)), Defendants correctly argue that "courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." (Defs.' Resp. at 3 (citing *Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132, 2012 U.S. Dist. LEXIS 42210, at *10 (S.D.N.Y. Mar. 27, 2012)) (internal quotations and citations omitted).) Plaintiff explained his failure to provide Magistrate Judge Parker with the Questionnaire only as a "mistake." (Pl.'s Objs. at 2.) This does not constitute a "compelling justification." *See, e.g.*, *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 274 (S.D.N.Y. 2013) (holding that "Defendants' (or their attorneys') neglect . . . is not 'a compelling justification for failure to present such evidence to the magistrate judge[]'") (quoting

6

*Azkour v. Little Rest Twelve, Inc.*, No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012)).

In his Opposition to Defendants' motion to dismiss, Plaintiff cited to the Questionnaire as attached to the Complaint as Exhibit K. (Pl.'s Opp'n at 6.) Yet, a review of the Complaint reveals that Plaintiff did not mention the Questionnaire as being attached as an exhibit, nor was it attached. (*See generally* Compl., ECF No. 1.) Even after Defendants pointed out this error to Plaintiff (Defs.' Reply at 2), he did nothing to provide it to the Magistrate Judge, although he had more than two months in between the filing of Defendants' Reply and the issuing of Magistrate Judge Parker's Report. This is just the sort of "neglect" that does not qualify as a compelling justification for Plaintiff's failure to provide Magistrate Judge Parker with the Questionnaire. *Berbick*, 977 F. Supp. 2d at 274 ("[i]f mere negligence could excuse a failure to present a full record to the magistrate judge, parties would have no incentive to take referrals seriously, thus stripping the referral process of much of its usefulness.") As such, this Court refuses to consider the Questionnaire and overrules Plaintiff's objections as to when the Title VII statute of limitations should date back.

This Court also denies Plaintiff's alternative request to "address [the Title VII statute of limitations] issue without prejudice in the Second Amended Complaint." (*See* Pl.'s Objs. at 1.) Plaintiff is not permitted to make an end run around this Court's refusal to consider the Questionnaire by merely amending his Complaint and attaching the Questionnaire.[7] *See Util. Audit Grp. v. Capital One, N.A.*, No. 14–CV–0097, 2015 WL 1439622, at *4 (E.D.N.Y. Mar. 26, 2015) (denying plaintiffs leave to file a second amended complaint after refusing to consider new

---

[7] Even the Questionnaire now provided to this Court is missing a referenced "attached statement of facts." (See Pl.'s Objs., Ex. A, at 4.) Moreover, the Questionnaire only identifies a March 28, 2014, demotion and a July 28, 2014, denial of promotion as discriminatory adverse employment actions. (*Id.* at 2.) The Questionnaire makes no reference to a December 2013 denial of promotion. (*See generally Id.*)

7

evidence provided by plaintiffs in objections to a report and recommendation because "[p]laintiffs pursued no relief from the Magistrate Judge upon discovering the [new evidence.]")

Aside from barring the Title VII claim based on Plaintiff's alleged denial of promotion in December 2013, Plaintiff argues that using February 13, 2014 as the accrual date would bar yet another Title VII claim. (Pl.'s Objs. at 2.) Although Plaintiff did not specify which additional claim would be time-barred, it is presumably the next-in-time claim, relating to the failure to be promoted to the Social Worker Supervisor III position, for which he interviewed on January 23, 2014 and to which Jessica Erickson was appointed in March, 2014. (*See* Compl. at ¶¶ 134–41.) That claim is timely because "the [Title VII] limitations period begins to run when the plaintiff receives notice of the adverse action." *Cetina v. Longworth*, 583 F. App'x 1, 3 (2d Cir. 2014) (citing *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir.1985)); *see also Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (holding that a Title VII failure to promote claim accrued when the plaintiff "knew or should have known that he had been passed over for promotion"); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996) ("[t]he timeliness of a discrimination claim is to be measured from the date the claimant had notice of the allegedly discriminatory action.") Here, there is no indication that Plaintiff knew or should have known that he had been passed over for that promotion before February 13, 2014. Indeed, Plaintiff's own factual allegations, deemed as true for the purposes of a motion to dismiss (*see Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)), indicate that he had no inkling that he had been passed over until March 2014—*after* the February 2014 bar date. (*See* FAC at ¶¶ 134–41.) As such, the only Title VII failure to promote claim that is time-barred is the claim relating to the denial of promotion alleged to have occurred on December 13, 2013.

8

## III. CONCLUSION

Having reviewed Magistrate Judge Parker's Report and Recommendation, this Court overrules Plaintiff's objections and adopts the Report in full.

Defendants' Motion to Dismiss is GRANTED in part, dismissing: (i) all counts as to New York City; (ii) Counts 5, 6, 7, 8, 10, 11, 12, and 13 as to all Defendants; (iii) Count 9 as to all Defendants except Individual Defendants Carasa, Mondul, Motal, and Robinson; (iv) Count 18 as to all Defendants except HHC; and (v) Plaintiff's claims for punitive damages as to HHC.

The Clerk of the Court is directed to close the motion at ECF No. 40.

Dated: New York, New York
      July 27, 2017

JUL 3 1 2017

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge