UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXANDER ANDERSON,

                        Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, *et al.*,

                       Defendants.
------------------------------------------------------------------X

**ORDER**

**16-CV-1051 (GBD) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/04/2020

**KATHARINE H. PARKER, United States Magistrate Judge:**

       In the instant action brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the New York City Human Rights Law, New York City Administrative Code §§8-101 *et seq.* ("NYCHRL"), Plaintiff Alexander Anderson alleges, among other things, that he was discriminated and retaliated against by his former employer, Defendant New York City Health and Hospitals Corporation ("HHC"), and was denied certain promotions as a result. Defendants moved for summary judgment to dismiss all of Plaintiff's claims. In briefing the Motion, the parties submitted copies of Plaintiff's resume as well as the resumes of the third-parties who were ultimately selected for the promotions sought by Plaintiff – Jessica Erickson, Ilana Horowitz, Edith Burton-Jones, and Yesenia Cosme – to allow the Court to compare Plaintiff's qualifications with those of the candidate ultimately chosen for each promotion.

       The parties identified Erickson, Horowitz, Burton-Jones, and Cosme by name and identified the positions they were ultimately promoted to in documents filed on the public docket, including in their Rule 56.1 Statements and briefs. Nevertheless, the parties have filed letter motions requesting that Erickson's, Horowitz's, Burton-Jones's, and Cosme's resumes be

filed under seal.  (Doc. Nos. 167 and 179.)   For the reasons set forth below, the parties' request is GRANTED IN PART and DENIED IN PART.

"The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that 'have historically been open to the press and general public' and 'play[ ] a significant positive role in the functioning of the [judicial] process . . . .'" *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (AJN) (KHP), 2019 WL 5963438, at *1 (S.D.N.Y. Nov. 13, 2019) (alteration in original) (first quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); then citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).  Judicial documents are documents that "'would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Bernstein*, 814 F.3d at 139–40 (quoting *Newsday LLC v. County of Nassau,* 730 F.3d 156, 166–67 (2d Cir. 2013)).  It is well established that documents submitted in connection with a motion for summary judgment are judicial documents. *See Lugosch*, 435 F.3d at 121; *see also Sater*, 2019 WL 5963438, at *1 ("[d]ocuments submitted in support of or opposition to a dispositive motion are judicial documents"). "'[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.'" *Sater*, 2019 WL 5963438, at *1 (first quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); then citing *Newsday LLC*, 730 F.3d at 166).  The party arguing against public disclosure bears the burden of demonstrating that the documents at issue should be filed under seal.  *See Lown v. Salvation Army, Inc.*, No. 04

Civ. 01562(SHS), 2012 WL 4888534, at *1 (S.D.N.Y. Oct. 12, 2012) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

"The First Amendment presumption of public access [to judicial documents] may be overcome 'if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 CIV. 655 LTS MHD, 2012 WL 691545, at *1 (S.D.N.Y. Mar. 2, 2012) (quoting *Lugosch*, 435 F.3d at 120)). "Examples of 'higher values' may include . . . the privacy of innocent third parties . . . ." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, Nos. 6:12-CV-00196 (BKS/ATB), 6:13-CV-00743 (BKS/ATB), 2017 WL 9400673, at *2 (N.D.N.Y. Jan. 6, 2017) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "[T]he privacy interests of innocent third parties should weigh heavily in a court's decision as to whether to withhold confidential information." *Duffy v. Illinois Tool Works Inc.*, No. 15-cv-7407(JFB)(SIL), 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) (citing *Amodeo*, 71 F.3d at 1050–51).

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. As recognized by courts in this Circuit, "private individuals have a privacy interest in avoiding disclosure of their names and addresses." *Duffy*, 2018 WL 1335357, at *6 (E.D.N.Y. Mar. 15, 2018) (first citing *Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 87 (2d Cir. 1991); then citing *Mitchell v. Metro. Life Ins. Co.*, No. 03 Civ.10294(WHP), 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004)); *see also U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989) ("both the common law and the literal understandings of privacy encompass the individual's control of information

concerning his or her person"). Although a judicial document may also be sealed in light of "some enhanced risk of substantial prejudice to [the third party's] or [the third party's] family's safety," the strength of such an argument is contingent on whether the information sought to be protected from disclosure is already public. *See United States v. Key*, No. 98-CR-446 (ERK), 2010 WL 3724358, at *3 (E.D.N.Y. Sept. 15, 2010) (where criminal defendant moved to seal his plea and sentencing minutes on the ground that their disclosure would pose a safety risk to him and his family, the court denied the motion because the persons making the threats already possessed the documents at issue). Ultimately, the presiding court has the discretion, upon reviewing the documents at issue, to determine whether the documents contain sensitive information that should be kept off of the public docket. *See Sater*, 2019 WL 5963438 at *3 (denying motion to seal documents produced by and testimony taken from third parties designated as confidential in discovery, where the court found that the documents were not "of such a sensitive nature that the public should not have access to them").

Here, Defendants argue that the information contained in the Erickson's, Horowitz's, Burton-Jones's, and Cosme's resumes, "either alone or in aggregate provides potentially personally identifying information, which may pose a security risk to these individuals for the reasons set forth in defendants' [redacted] April 27, 2018 application to the Court." (Doc. No. 167, 2; *see also* Doc. Nos. 103 and 106.) Similarly, Plaintiff argues that Erickson's resume should be filed under seal because she is a third party and has a privacy interest in her personal information. (*See* Doc. No. 179.)

To start, there is no dispute that the resumes at issue are judicial documents because they were submitted as exhibits in support of and in opposition to Defendants' Motion for

4

Summary Judgment. *See Lugosch*, 435 F.3d at 121; *see also Sater*, 2019 WL 5963438, at *1. Moreover, in addressing Plaintiff's failure to promote and retaliation claims in its Report and Recommendation on Defendants' Motion for Summary Judgment, the Court relied heavily on the resumes and described them in detail. (*See* Doc. No. 193, 26-42, 54-63 ("Report and Recommendation").) Thus, the public would likely need access to the information in the resumes in order to understand the issues before the Court and evaluate the Court's reasoning. *See Bernstein*, 814 F.3d at 141.

The Court next considers whether the information contained in the resumes is publicly available, such that the individual(s) who could make threats against Erickson, Horowitz, Burton-Jones, or Cosme, likely already possess such information. As explained *supra*, some of the information contained in the resumes, such as the applicants' names, qualifications for the various positions, and the positions they were ultimately promoted to, has already been publicly disclosed. On the other hand, the Court appreciates that there is certain information contained in the resumes, such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public, has no bearing on this Court's Report and Recommendation on Defendants' Motion for Summary Judgment, and has been recognized by courts in this Circuit as the type of personal information that should be shielded from public disclosure. *See Lown*, 2012 WL 4888534, at *2 (redaction of "former employee's address, social security number, phone number, prior salary, and the names and phone numbers of her references. . . . vindicate[d] the privacy interest a third-party has in sensitive personal information"). To the extent Erickson, Horowitz, Burton-Jones, and Cosme feel that their safety may be threatened, this is precisely the type of personal information that could give rise

5

to an enhanced risk of substantial prejudice to their safety interests.  As such, the Court hereby orders the parties to redact Erickson's, Horowitz's, Burton-Jones, and Cosme's personal information – *i.e.* home addresses, phone numbers, and email addresses – from the resumes/job applications at issue, and file the redacted version of those exhibits on the docket by no later than **March 18, 2020**.  The Motions to Seal are denied except to this limited information that can be redacted from the resumes.

**SO ORDERED.**

Dated: March 4, 2020
    New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge