UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ALEXANDER ANDERSON,

                            Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION and ATHENA MOTAL,

                                     Defendants.
-------------------------------------------------------------------------x

**[PROPOSED] JOINT
PRE-TRIAL ORDER**

16 Civ. 1051 (GBD) (KHP)

Plaintiff Alexander Anderson and Defendants New York City Health and Hospitals

Corporation ("H+H") and Athena Motal ("Motal" and collectively "Defendants") submit this Joint

Pretrial Order pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and Section VI of

Judge Daniels' Individual Rules and Practices in Civil Cases.

**i.**        **Full Caption of the Action**

The full caption appears above.

**ii.**       **Trial Counsel**

**Plaintiff:**

Delmas A. Costin, Jr. Esq.
The Law Office of Delmas A. Costin, Jr.
930 Grand Concourse
Bronx, N.Y. 10451
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com

Zachary J. Liszka, Esq.
33 Nassau Avenue, Fl. 2,
Brooklyn, NY 11222
347-762-5131  (O)
zach@employeelawyer.nyc

**Defendants:**

Georgia M. Pestana
Acting Corporation Counsel
of the City of New York
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-1105
By:    J. Kevin Shaffer
         jshaffer@law.nyc.gov
         (646) 370-0695 (cell)

**iii.** **Subject Matter Jurisdiction**

    a. **Plaintiff's Statement:** This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331, § 1343 and 42 U.S.C. §2000e et. seq., 42 U.S.C. § 1983 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

    b. **Defendants' Statement**: Defendants do not dispute subject matter jurisdiction.

**iv.** **Claims and Defenses**

    a. **Plaintiff's Claims:**

Claims to be Tried

    i. NYCHRL claim against HHC and Motal for their discriminatory failure to promote Plaintiff to Social Worker Level III in the MCU in 2014.  Title VII claims relate to race, color, sex and the intersection of race and sex.  NYCHRL claims based on race, color, gender, age and the intersection of race and gender;

    ii. Title VII and NYCHRL claims against HHC for its discriminatory failure to promote him to Social Worker Level III in the MICA program in 2015.  Title VII claims relate to race, color, sex and the intersection of race and sex.  NYCHRL claims based on race, color, gender, age and the intersection of race and gender

    iii. Title VII and NYCHRL retaliation claims against HHC and Motal with respect to the denial of his promotions to the MCU and MICA positions in 2014, and against HHC only with respect to the denial of his promotion to the MICA position in 2015.;

Order-57-Jpto

iv.  NYCHRL retaliation claim against HHC and Motal with respect to the verbal counseling, removal of his PASA supervisory duties, and delay in his promotion to Social Worker Level II; and

v.  Title VII and NYCHRL retaliation claims against HHC and Motal with respect to his transfer to the Inpatient Psychiatric Unit, denial of the ability to work with the substance abuse community, assignment of additional work, refusal of his request to transfer out of the Psychiatric Unit or to another hospital, denial of weekly clinical supervision and of requested vacation time, threats of discipline for fabricated attendance issues, and failure to investigate his claims of discrimination.

Claims that Will Not be Tried

i.  Disability discrimination in violation of the New York City Human Rights Law in violation of NYCHRL §8-107 (15) and (28) (9th Cause of Action).

b.  **Defendant's Defenses:**

i.  On March 31, 2020, the Court granted Defendant's Motion for Summary Judgment with regard to all claims except "Plaintiffs alleged (1) NYCHRL claim against HH[C] and Motal for their discriminatory failure to promote Plaintiff to Social Worker Level III in the MCU in 2014; (2) Title VII and NYCHRL claims against HHS for its discriminatory failure to promote him to Social Worker Level III in the MICA program in 2015; (3) Title VII and NYCHRL retaliation claims against HHC and Motal with respect to the denial of his promotions to the MCU and MICA positions in 2014, and against HHC only with respect to the denial of

his promotion to the MICA position in 2015; (4) NYCHRL retaliation claim against HHC and Motal with respect to the verbal counseling, removal of his PASA supervisory duties, and delay in his promotion to Social Worker Level II; and (5) Title VII and NYCHRL retaliation claims against HHC and Motal with respect to his transfer to the Inpatient Psychiatric Unit, denial of the ability to work with the substance abuse community, assignment of additional work, refusal of his request to transfer out of the Psychiatric Unit or to another hospital, denial of weekly clinical supervision and of requested vacation time, threats of discipline for fabricated attendance issues, and failure to investigate his claims of discrimination."  *See* Memorandum Decision and Order dated March 31, 2020 (ECF Dkt. No. 203), adopting Report and Recommendation of Magistrate Judge Katherine H. Parker dated March 2, 2020 (ECF Dkt. No. 193).  Accordingly, Plaintiff's other claims as pleaded in the Second Amended Complaint (ECF Dkt. No. 85), including but not limited to Plaintiff's disability discrimination claims premised upon a failure to accommodate, are not to be tried.

ii.   The complaint fails to state a claim.

iii.   Plaintiff fails to establish a *prima facie* case of race, sex, or age discrimination, or retaliation.

iv.   Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for undertaking any of the actions complained of herein.

v.   Plaintiff cannot demonstrate that the above-referenced good faith, non-discriminatory and non-retaliatory business reasons proffered by Defendants are

false or pretextual, and that the real reason(s) for Defendants' conduct was discrimination or retaliation.

    vi.  Plaintiff's claim for damages is barred, in whole or in part, because Plaintiff has incurred no damages and/or has failed to mitigate his damages.

## v.    <u>Trial by Jury and Duration</u>

a.  **Plaintiff's Statement:** The case is to be tried with a jury. Plaintiff estimates that his direct examination will take four days. Defendants estimate that their cross examination of plaintiff's witnesses and direct examination of their own witnesses will take an additional one or two days.

b.  **Defendants' Statement**: The case is to be tried to a jury.  Defendants request four to five trial days, and believe that Plaintiff's estimated length of trial as set forth above, as well as Plaintiff's identification of 23 witnesses for trial, are disproportionate to the needs of the remaining claims in this case.

**vi.**     **Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**vii.**    **Stipulated or Agreed Statements of Fact and Law**

There are no agreed-upon stipulations or statements of fact or law.

**viii.**   **Witnesses**

| Witness Name | In Person/by Deposition |
|---|---|
| **Plaintiff's Witnesses:**[1] | |
| Alex Aleman | In Person |
| Dr. Judith Branche | In Person |
| Annette Burwell | In Person |
| Miriam Carasa | In Person |
| Helen Esanbor | In Person |
| Annette Goodman-Anderson | In Person |
| Dr. Luz Green | In Person |
| Maria Kazaki-Maher | In Person |
| David Matthews | In Person |
| Lea Kobayashi-Moore | In Person |
| Christina Laboy | In Person |
| Barbara Marrero | In Person |
| William Marshall | In Person |
| David Mathews | In Person |

---

[1] Plaintiff reserves the right to call any individual on Defendants' trial witness list and also to call any witnesses for impeachment or rebuttal.

| | |
|---|---|
| Dr. Abdul Mondul | In Person |
| Athena Motal | In Person |
| Dwayne Murray | In Person |
| David Nadal | In Person |
| Nicole Phillips | In Person |
| Nicole Robinson | In Person |
| Dr. Yvonne Rountree | In Person |
| Andre Smith | In Person |
| Milly Toro | In Person |
| | |
| **Defendant's Witnesses[2]:** | |
| Athena Motal | In Person |
| Lilyn Hill | In Person |
| Nicole Robinson | In Person |
| Milly Toro | In Person |
| Maria Kazaki-Maher | In Person |
| William Marshall | In Person |
| Nicole Phillips | In Person |
| Helen Esanbor | In Person |
| Miriam Carasa | In Person |
| Manasses Williams | In Person |

---

[2] Defendants reserve the right to call any individual listed on Plaintiff's trial witness list herein. Defendants reserve the right to call witnesses for purposes of impeachment or rebuttal.

| David Nadal | In Person |
|---|---|
|  |  |

### ix.    Deposition Designations

Plaintiff does not designate any deposition testimony for trial as all witnesses are expected

to be available for trial.

Defendants do not anticipate using any deposition testimony other than for rebuttal and/or

impeachment purposes.  Defendants object to Plaintiff offering deposition testimony during his

case in chief unless he has established that the witness is unavailable pursuant to Fed. R. Civ. P.

32(a)(4).  Defendants respectfully request the ability to submit cross-designations of deposition

testimony at the time that any individual is deemed "unavailable" by the Court.  Defendants also

reserve the right to use in its case-in-chief the deposition of any witness who is unavailable

pursuant to Fed. R. Civ. P. 32(4) and Fed. R. Evid. 804(b)(1).

### x.    Exhibit List

**Plaintiff's Exhibits[3]:**

| No. | Description | Bates Stamp Prefix | Pages | Objections | Basis |
|---|---|---|---|---|---|
| 1 | Applicant Referral - Erickson - Erickson - 3-13-14 | Anderson_D | 405 | ** |  |
| 2 | Applicant Referral - Horowitz - Motal - 5-13-14 | Anderson_D | 3607 | ** |  |
| 3 | Applicant Referral - Jones-Burton | Anderson_D | 3549 | ** |  |
| 4 | Application - MCU - Anderson 2014 | Anderson_D | 1812 | ** |  |

---

[3] Defendants object to the admission of any exhibit for which a proper foundation has not been laid at the time of trial, even those exhibits which Defendants do not dispute are authentic and/or otherwise admissible.  Defendants further object to any exhibit Plaintiff seeks to introduce during his case-in-chief which was not identified in this proposed exhibit list.  Furthermore, while Plaintiff has provided identification for most of exhibits based on Bates stamps, Plaintiff has not provided copies of any pre-marked exhibits and the Defendants reserve their right to further objections upon receipt of pre-marked exhibits.

| | | | | | |
|---|---|---|---|---|---|
| 5 | Article - Effective Clinical Supervision | Anderson | 1513-1515 | | FRE 402, 403, 802 |
| 6 | CASAC Counselor | NONE | | | FRE 402, 403, 802 |
| 7 | Certificates | Anderson | 344-345 | | FRE 402, 403, 802 |
| 8 | Documents related to Promotion to SW Level II | Anderson_D | 3732-3744 | * | FRE 402, 403 |
| 9 | EEO Policy Statements - Williams 11/12/08 | Anderson_D | 233-237 | * | FRE 402, 403 |
| 10 | Email - 2014-12-2- Anderson to Carasa, Nadal, Villanueva re: retaliation and discrimination | Anderson | 507 | | FRE 402, 802 |
| 11 | Email - 2014-3-27 - Anderson to Kazaki-Maher, Toro, Mondul, Branche re: Aleman | Anderson | 240 | | FRE 402, 802 |
| 12 | Email - 2014-3-27 -Anderson re: Aleman Complaint | ECF No. | 85 | | FRE 802, contains medical PII |
| 13 | Email - 2014-9-12 - Anderson to Carasa, Mondul and Nunez re: retaliation and discrimination | Anderson | 304-306 | | FRE 402, 802 |
| 14 | Email 8/17/14 -Anderson to Motal re: cancellation of promotion to SW II | Anderson | 263 | | FRE 802 |
| 15 | Email Anderson to Carasa re: discrimination 2014-10-1 | Anderson | 224-227 | | FRE 402, 403, 802 |
| 16 | Email Anderson to Carasa re: discrimination 2014-9-21 | Anderson | 310-311 | | FRE 402, 403, 802 |
| 17 | Email Anderson to Jimenez re: discrimination - 2014-9-21 | Anderson_D | 880 | | FRE 402, 403, 802 |
| 18 | Email Anderson to Marshall re: discrimination 2014-8-25 | Anderson | 284-289 | | FRE 402, 403, 802 |
| 19 | Email Anderson to Mondul re: cancellation of promotion | Anderson | 534 | | FRE 402, 802 |
| 20 | Email Anderson to Nadal re: grievance - 2014--8-18 | Anderson | 523 | | FRE 402, 403, 802 |
| 21 | Email Anderson to Williams and Marshall re: discrimination 2014-10-15 | Anderson | 232-234 | | FRE 402, 802 |
| 22 | Email Mondul to Branche re: Anderson's promotion | Anderson | 532 | | FRE 802 |

| | | | | | |
|---|---|---|---|---|---|
| 23 | Emails - 2011 re: supervision | Anderson | 195-205 | | FRE 402, 802 |
| 24 | Employee List | Anderson_D | 2171-2175 | * | FRE 402, 403, 802 |
| 25 | Employment Interview Report - Erickson 3/7/14 | Anderson_D | 3696-3697 | ** | |
| 26 | Employment Interview Report - Horowitz 5/14/14 | Anderson_D | 3608-3609 | ** | |
| 27 | Employment Interview Report - Jones-Burton | Anderson_D | 3550-3551 | ** | |
| 28 | Equal Employment Opportunity Program and Affirmative Action Plan - Aviles 3/21/12 | Anderson | 768-772 | * | FRE 402, 403, 802 |
| 29 | Evaluation- 2013-12-20 - Prepared by Helen Esanbor | Anderson_D | 1440-1447 | * | FRE 402, 403, 802 |
| 30 | Evaluation- 2015-2-15 - Prepared by Kazaki-Maher | Anderson_D | 1415-1423 | * | FRE 402, 403, 802 |
| 31 | Evaluation- 2015-2-5 - Prepared by Kazaki-Maher | Anderson_D | 1406-1414 | * | FRE 402, 403, 802 |
| 32 | Evaluation prepared by Esanbor 11/29/13 | Anderson | 566-573 | * | FRE 402, 403, 802 |
| 33 | Evaluation prepared by Esanbor 8/29/13 | Anderson_D | 1448-1455 | * | FRE 802 |
| 34 | Evaluation-2015-1-16 - Prepared by Kazaki-Maher | Anderson_D | 1432-1439 | * | FRE 402, 403, 802 |
| 35 | Evaluation-2015-1-16 - Prepared by Kazaki-Maher | Anderson_D | 1424-1431 | * | FRE 402, 403, 802 |
| 36 | Functional Job Description - 2015-3-4 | Anderson_D | 1482-1484 | ** | |
| 37 | Functional Job Description - Anderson - 2013-12-20 | Anderson_D | 1491-1493 | ** | |
| 38 | Functional Job Description - Anderson - 2015-3-4 | Anderson | 638-640 | ** | |
| 39 | Functional Job Description - Anderson 1/23/15 | Anderson | 591-593 | ** | |
| 40 | Functional Job Description - Anderson 12/27/11 | Anderson_D | 1636-1638 | ** | |
| 41 | Functional Job Description - MCU - Erickson 12/13/14 | Anderson_D | 3679-3681 | ** | |
| 42 | Functional Job Description - MICA | Anderson_D | 3659-3661 | ** | |
| 43 | Functional Job Description - Undated (11/29/13??) | | 676-677 | | FRE 402 |
| 44 | Grievance - 2014- 8-11 - by Anderson against Motal | Anderson_D | 903 | * | FRE 402, 403, 802 |

| | | | | | |
|---|---|---|---|---|---|
| 45 | Grievance -2015-2-23 -by Anderson against Robinson, Nadal, Johnson re: involuntary transfer to Psychiatric Unit and retaliation. | Anderson_D ; Anderson | 994-9951019, 1001-1002 | * | FRE 402, 403, 802 |
| 46 | HHC Personnel Rules and Regulations | Anderson | 861-941 | * | FRE 402, 403, 802 |
| 47 | HR Position Description - Social Workers | Anderson_D | 351-360 | ** | |
| 48 | Informal Complaint Procedure | Anderson_D | 248-251 | * | FRE 402, 403, 802 |
| 49 | Informal Complaint Procedure - Complaint Intake Form | Anderson_D | 252-254 | * | FRE 402, 403, 802 |
| 50 | Intro to Clinical Supervision OASAS | Anderson | 1516-1530 | | FRE 402, 403, 802 |
| 51 | Job Applications within HHC | Anderson | 347-351 | | FRE 402 |
| 52 | Job Description - Social Worker Lvl III Behavioral Health Inpatient | Anderson_D | 3663 | ** | |
| 53 | Job Description - Social Worker Lvl III Mobile Crisis Service | Anderson_D | 1811 | ** | |
| 54 | Letter - 2012-12-23- Justification for Promotion from Social Worker I to Social Worker II for the PASA Program | Anderson_D | 3738-3742 | ** | |
| 55 | Letter - 2017-7-21 - Anderson to Marrero re: resignation | Anderson_D | 1840 | * | FRE 402 |
| 56 | Letter -2015-2-19 - Nadal to Anderson - Involuntary Reassignment to Inpatient Psychiatric Unit | Anderson_D | 1000 | ** | |
| 57 | Letter from Rountree re: reasonable accommodation 2015-12-28 | Anderson_D | 1095 | | FRE 402, 403, 702, 802 |
| 58 | Letter from Rountree re: reasonable accommodation 2015-9-24 | Anderson_D | 971 | | FRE 402, 403, 702, 802 |
| 59 | Letter Green to HHC re: transfer Anderson - 2016-2-6 | Anderson | 13 | | FRE 402, 403, 702, 802 |
| 60 | Letter Green to HHC re: transfer Anderson - 2016-6-13 | Anderson | 14 | | FRE 402, 403, 702, 802 |

| | | | | | |
|---|---|---|---|---|---|
| 61 | Letter Phillips to Anderson re: no transfer - 2015-10-13 | Anderson_D | 970 | * | FRE 402, 403, 802 |
| 62 | Letter-2015-10-13 - Phillips to Anderson re: Request for Reasonable Accommodations | Anderson_D | 970 | * | FRE 402, 403, 802 |
| 63 | Letter-2015-10-19-Rountree re: Reasonable Accommodations | Anderson | 31 | | FRE 402, 403, 702, 802 |
| 64 | Letter-2015-6-23-Rountree re: Reasonable Accommodations | Anderson_D | 976 | | FRE 402, 403, 702, 802 |
| 65 | Letter-2017-6-23-Rountree re: Reasonable Accommodations | Anderson | 33 | | FRE 402, 403, 702, 802 |
| 66 | Non-Discrimination For Persons with Disabilities 12/9/08 | Anderson_D | 237-239 | * | FRE 402, 403, 802 |
| 67 | OASAS Counselor Scope of Practice | ECF No. | 180-13 | | FRE 402, 403, 802 |
| 68 | Operating Procedure No. 20-10-Employee Performance and Conduct | Anderson_D | 200-206 | * | FRE 402, 403, 802 |
| 69 | Operating Procedure No. 20-16 - Recruitment for Vacant Positions Through Posting, Advertisement, and Recruitment Agencies | Anderson | 1658-1662 | * | FRE 402, 403, 802 |
| 70 | Organizational Charts | Anderson_D | 367-370 | * | FRE 402 |
| 71 | Patient Safety Alert | Anderson | 460-463 | | FRE 402, 403, 802 |
| 72 | Personnel Requisition -Burton-Jones | Anderson_D | 3530 | ** | |
| 73 | Phillips - Notes | Anderson_D | 974-975, 956-957, 898 | * | FRE 402, 403, 802 |
| 74 | Request for a Transfer Form - Blank | Anderson | 942 | * | FRE 402, 403, 802 |
| 75 | Request for Leave and Approved Absence - Denied by Kazaki-Maher on 11/26/14 | Anderson | 366 | ** | |
| 76 | Request for Leave and Approved Absence - Denied by Kazaki-Maher on 11/26/14 | Anderson | 364 | ** | |
| 77 | Request for Leave of Approved Absence - Aleman 2014-11-24 | Anderson_D | 414 | ** | |

| | | | | | |
|---|---|---|---|---|---|
| 78 | Request for Leave of Approved Absence -Burwell | Anderson | 365 | ** | |
| 79 | Resume - Anderson - MCU Application | Anderson_D | 1813-1815 | ** | |
| 80 | Resume - Burton | Anderson_D | 3556-3558 | ** | |
| 81 | Resume - Erickson | Anderson_D | 1817-1818 | ** | |
| 82 | Resume - Horowitz | Anderson | 492-493 | | FRE 402 |
| 83 | Resume - Kazaki-Maher | Anderson | 1164-1166 | | FRE 402 |
| 84 | Salary Range for Social Workers | Anderson_D | 3678 | * | FRE 402, 802 |
| 85 | US DOH | ECF No. | 180-59 | | FRE 402, 403, 802 |
| 86 | Spreadsheet - Social Worker Promotions | Anderson_D | 3732-3733 | * | FRE 402, 403 |
| 87 | HR Spreadsheet - Cancellation of Anderson's Promotion | Anderson_D | 3734-3735 | * | FRE 402, 403 |
| 88 | Personnel Requisition Form No. 14-328 re: plaintiff's promotion from Social Worker Level I to Social Worker Level II | Anderson_D | 3736 | * | FRE 402, 403 |
| 89 | Personnel Requisition Form No. 15-159 re: plaintiff's promotion from Social Worker Level I to Social Worker Level II | Anderson_D | 3744 | * | FRE 402, 403 |

**Defendants' Exhibits[4]:**

| Ex. | Bates No. | Description | Objections | Basis |
|---|---|---|---|---|
| A | ANDERSON_D001491-1493 | Functional Job Description of Alexander Anderson, dated December 20, 2013 | ** | |
| B | ANDERSON_D000351 - 360 | HHC Social Worker Position Description | ** | |
| C | ANDERSON_D000367-370 | Organizational Charts from 2013-2016 | ** | |

---

[4] Pursuant to the Court's Individual Rules, Defendant does not include exhibits which it intends to use for purposes of impeachment or rebuttal.  Further, Defendant reserves the right to amend and/or supplement this document at a later time in accordance with all applicable laws and rules and with permission of the Court.  Defendant reserves its right to offer any of the exhibits identified by Plaintiff

| | | | | |
|---|---|---|---|---|
| D | ANDERSON_D003631 | Letter re: Horowitz promotion, dated April 4, 2014 | * | FRE 402, 403, 802 |
| E | ANDERSON_D003607 | Applicant referral re: Horowitz | ** | |
| F | ANDERSON_D003608-3609 | Employment interview report re: Horowitz | ** | |
| G | ANDERSON_D001811 | Job posting for MCU position dated January 17, 2014 | ** | |
| H | ANDERSON_D001812 - 1815 | Plaintiff's Applicant Profile and Resume for MCU position | ** | |
| I | ANDERSON_D001816-1818 | Jessica Erickson's Applicant Profile and Resume for MCU position | ** | |
| J | ANDERSON_D003696-3697 | Employment interview report re: Jessica Erickson | ** | |
| K | ANDERSON_D003695 | Applicant referral re: Jessica Erickson | ** | |
| L | ANDERSON_D003531 | Memo re: Burton-Jones promotion request dated February 17, 2015 | ** | |
| M | ANDERSON_D003530 | Personnel Requisition Form No. 15-491 re: Burton-Jones | ** | |
| N | ANDERSON_D003549 | Applicant Referral re: Burton-Jones, dated April 17, 2015, and Employee Interview Report, dated February 20, 2015 | ** | |
| O | ANDERSON_D003556-3558 | Burton-Jones' Resume | ** | |
| P | ANDERSON_D001000 | Memo dated February 19, 2015, re: Plaintiff's reassignment from PASA to Inpatient Psychiatric Service Unit 10C | ** | |

| | | | | |
|---|---|---|---|---|
| Q | ANDERSON_D003736 | Personnel Requisition Form No. 14-328 re: plaintiff's promotion from Social Worker Level I to Social Worker Level II | ** | |
| R | ANDERSON_D001456 | Action Plan for Improvement re: Evaluation period 8/29/12 to 8/23/18 | * | FRE 402, 403, 802 |
| S | ANDERSON_D001448-1455 | Plaintiff's Performance Evaluation for period 8/29/12 to 8/28/13 | ** | |
| T | ANDERSON_D003738-3739 | Memorandum re: Anderson Promotion Request, dated December 23, 2013 | ** | |
| U | ECF Dkt. No. 179-19 | Email from Plaintiff to Alexander Aleman, dated March 27, 2014 | ** | |
| V | ANDERSON_D000263 | Emails between Plaintiff and Motal, dated August 7, 2014 | ** | |
| W | ANDERSON_D003744 | Personnel Requisition Form No. 15-159 | ** | |
| X | ANDERSON_D000403 | Memorandum re: Burwell reassignment, dated March 27, 2015 | * | FRE 402, 403 and 802 |
| Y | Anderson0366 | Plaintiff's Request for Leave or Approved Absence, dated November 26, 2014 | ** | |
| Z | ANDERSON_D000414 | Aleman Request for Leave or Approved Absence Form, dated November 24, 2014 | ** | |
| AA | Anderson0365 | Burwell Request for Leave or Approved Absence Form, dated December 8, 2014 | ** | |
| BB | Anderson_D001840 | Plaintiff's Resignation Letter, dated July 21, 2017 | ** | |

Dated: New York, New York
        July 2, 2021

Respectfully submitted,

Delmas A. Costin, Jr. Esq.                Georgia M. Pestana
The Law Office of Delmas A. Costin, Jr., PC   Acting Corporation Counsel
930 Grand Concourse, Ste. 1F              of the City of New York
Bronx, N.Y. 10451                         Attorney for Defendants
(718) 618-0589 (O)                        New York City Law Department
                                          100 Church Street, Room 2-125
                                          New York, New York 10007
                                          (212) 356-1105


By:        /s/                            By:        /s/
     Delmas A. Costin, Jr.                     J. Kevin Shaffer




SO ORDERED:

                                          _____
                                          Hon. George B. Daniels, U.S.D.J.