UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ALEXANDER ANDERSON,

Plaintiff,

-against-

THE NEW YORK HEALTH AND HOSPITALS
CORPORATION and ATHENA MOTAL,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

16-CV-1051 (GBD) (KHP)

Defendants the New York City Health and Hospitals Corporation and Athena

Motal, by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York,

pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully request that the Court

give the following instructions to the jury.

1.     <u>**Preliminary Instruction Before Trial – Duty of Jurors**</u>

Members of the jury, we are about to begin the trial of the case about which you

have heard some details during the process of jury selection. Before the trial begins, however,

there are certain instructions you should have to better understand what will be presented before

you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff. In this action Alexander

Anderson is the plaintiff. The party against whom the suit is brought is called the defendant. In

this action, the Defendants are the New York City Health and Hospitals Corporation and Athena

Motal.

Plaintiff has brought claims against the Defendants upon which you will be asked

to return a verdict. After all the evidence is presented during trial, you will be given specific

instructions on the law relating to Plaintiff's claims that you must apply to the facts as you

determine them. By your verdict, you will decide disputed issues of fact. The Court will decide

all questions of law that arise during the trial and, before you retire to deliberate at the close of the case, the Court will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that the Court will instruct you at the end of the trial concerning the manner in which you should determine the credibility or lack of credibility of each witness and the weight to be given to their testimony.  During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable law.  While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, the Court may be called upon to make rulings of law on objections or motions made by the parties.  It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his or her client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  If the Court sustains an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing about questions of law or procedure that require consideration by the Court alone.  On some occasions, you may be excused from the courtroom for the same reason.  I will try to limit

these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it will be given to you and reach a just verdict, regardless of the consequences.

Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §101.01 (5th ed. 2000).

## 2.        Preliminary Instruction Before Trial – The Order of the Case

The case will proceed in the following order:

First, Plaintiff will make his opening statements outlining his case.  Immediately after Plaintiff's statement, Defendants will make their opening statement outlining their respective case.  Neither party is required to make an opening statement.  What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiff will introduce evidence in support of his claims.   At the conclusion of Plaintiff's case, Defendants will introduce evidence if they choose.  In order to keep the case moving in an orderly fashion, the Defendants will present whatever questions or exhibits they would have put on during their case at the time the Plaintiff calls the witness to the stand.  This will keep us from having to call witnesses more than once and save time.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence.  What is said in closing arguments, just as what is said in opening statements, is not

evidence.  The arguments are designed to present to you the contentions of the parties based on the evidence introduced.  Because Plaintiff has the burden of proof, Plaintiff has the right to make the first opening statement and the last closing argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Source:       O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §101.02 (5th ed. 2000).

## 3.       <u>Before and After Trial – Evidence in the Case</u>

Statements and arguments of counsel are not evidence in the case.  While the attorneys may present explanations for their clients, these statements and arguments are not evidence.  The attorneys are not witnesses in this case.  Evidence is introduced by witnesses, not by attorneys.

The Court may take judicial notice of certain facts or events.  When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of which party may have called them; all exhibits received in evidence, regardless of who has produced them; all facts that may have been admitted or stipulated; and all facts and events that may have been judicially noticed.

Source:       O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §103.30 (5th ed. 2000).

4

4.      **Preliminary Instructions After Trial – Duties of Jurors**

Members of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case.  In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections.  First, I will give you some general instructions applicable in every case.  Second, I will instruct you regarding the specific issues that will need to be decided by you in this case relating to alleged discrimination and damages.  Finally, I will give you some instructions regarding the conduct of your deliberations.

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer.  You must answer these questions by applying the facts as you find them to be.  I shall give to you the rules of the law that apply to these questions.  You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole.  Nor are you to be concerned with the wisdom of any rule of law stated by me.  You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case.  It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  You are to treat all parties equally.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §103.01 (5th ed. 2000).

## 5.      Rulings on Objections to Evidence

During the trial the Court has been called upon to make rulings from time to time. The Court has sustained some objections, and has overruled others.  To that end, you should also remember that it is the answer to a question that is evidence – not the question itself.

It is equally important that you not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether.

Under our system of justice, it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so.  However, it is the Court's function and duty to rule on these questions of law, and the Court also would be remiss in its duty, too, if it failed to make such rulings, even though sometimes they may not have been to the liking of counsel for either side.

If during the course of the trial from my rulings or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it.  It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness.  That is your sole and exclusive function.

Any questions that I may have put to witnesses during the course of the trial have been put to those witnesses in an attempt to clarify issues that you might ultimately decide.  It was not to give you the impression that I was siding one way or another.  Whatever my feelings may be in this matter with respect to the issues you will decide are completely immaterial and irrelevant.

Source:       Mathes, <u>Jury Instructions and Forms for Federal Rules</u>, 28 F.R.D. 401 §9.04 (1961); 4 Modern Federal Jury Instructions-Civil P. 74.01 (2019).

## 6.   <u>Preponderance of the Evidence</u>

In this case, the burden of proving the case is on the Plaintiff.  Plaintiff must prove each and every essential element of his respective claims by a "preponderance of the evidence."

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so.  The phrase "preponderance of the evidence" refers to the quality of evidence – the weight and effect it has on your mind.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  You should conclude that a that a fact has been proven by a preponderance of the evidence if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

A "preponderance of the evidence" means the greater part of the evidence.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  Plaintiff cannot almost prove his claim.  He must prove every element by a preponderance of the evidence.  Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof does not establish any of the essential elements of Plaintiff's claim by a preponderance of the evidence in this case, you should find for Defendants.  If you find that the evidence weighs so evenly that you are unable to say that there is a preponderance of evidence on either side, then Plaintiff has not proven his case by a preponderance of the evidence and you must find for the Defendants.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§171.60, 171.61 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 73.01 (2019); Nissho-Iwai Co., Ltd. v. M/T Stolt Lion, 719 F.2d 34, 38 (2d Cir. 1983); Burka v. New York City Transit Auth., 739 F. Supp. 814, 843, n.23 (S.D.N.Y. 1990).

## 7.    **Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day.  In the courtroom, however, the shades are drawn, and you cannot see outside.  As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas.  From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you.  However, you may consider only what has been admitted as evidence in this trial – things that the Court has ruled inadmissible may not be considered.  And, of course, it is for you to interpret the evidence.

Source:     4 L. Sand, *et al*, <u>Modern Federal Jury Instructions</u>, §74-2 (2001) (modified); 4 Modern Federal Jury Instructions-Civil P. 74-2 (2019).

## 8.    <u>Inferences</u>

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence.  Not all logically possible conclusions are legitimate or fair inferences.  An inference is not a suspicion or

a guess.  It is a reasoned logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.  Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case.  Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Plaintiff asks you to draw one.  The Defendants ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

The process of drawing an inference from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw — but not required to draw — from the facts which have been established by either direct or circumstantial evidence.  In drawing an inference you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Source:        4 <u>Modern Federal Jury Instructions-Civil</u> P. 75-1 (2019).

## 9.        <u>Evaluation of Testimony – Credibility of Witnesses</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the

witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose and does the witness have an interest in the outcome of the case. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

If you believe that a witness has given false testimony with respect to a material fact, you may disregard the testimony of the witness in whole or in part. A witness may have been mistaken or may have lied as to part of the testimony, and yet be accurate and truthful as to other parts.

After making your own judgment, you will give the testimony of each witness as much weight, if any, as you may think it deserves.  In short, you may accept or reject the testimony of any witness in whole or in part.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.01 (5th ed. 2000); 4 Modern Federal Jury Instructions-Civil P. 76.01 (2019).

**10.    <u>Impeachment – Inconsistent Statements or Conduct</u>**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with her or her present testimony.  The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §105.04 (5th ed. 2000).

**11.    <u>Multiple Parties</u>**

There are two defendants in this trial. You should decide the case against each defendant separately as if it were a separate lawsuit. Each defendant is entitled to separate consideration of the evidence related to the claim(s) against her or it, and is entitled to separate consideration of her or its own defenses.

Different aspects of this case involve different defendants. Each instruction will identify the parties to whom it applies. Pay particular attention to the parties named in each instruction.

12.   **The Nature of Plaintiff's Claims:**

I am now going to instruct you on the substantive law to be applied to the plaintiff's claims against the parties in this action.

First, against defendant New York City Health and Hospitals Corporations ("HHC") and Athena Motal ("Motal"), plaintiff claims that he has been subjected to alleged discrimination under the New York City Human Rights Law ("NYCHRL") for not being promoted to Social Worker Level III in the Mobile Crisis Unit ("MCU") in 2014.

Second, Plaintiff alleges that he was subjected to alleged discrimination by HHC under both the NYCHRL and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. ("Title VII") for not being promoted to the Mentally Ill Chemical Abuse ("MICA") program in 2015.

Third, Plaintiff alleges that he was subjected to alleged retaliation by HHC and Motal under both the NYCHRL and Title VII with respect to the denial of the promotion to MCU in 2014 and the denial of promotion to the MICA position in both 2014.

Fourth, Plaintiff alleges that he was subjected to retaliation by HHC under Title VII and the NYCHRL with respect to the denial of his promotion to the MICA position in 2015.

Fifth, Plaintiff alleges that he was subjected to retaliation by HHC and Motal under Title VII and the NYCHRL based on his transfer to the psychiatric unit, an alleged denial of the ability to work with the substance abuse community, an allegation of receiving more work than others in the psychiatric unit, refusing his request to transfer out of the psychiatric unit, an allegation that he was denied clinical supervision, an allegation that he was denied vacation time, an allegation that he was threatened with discipline for attendance issues, and an allegation that his claims of discrimination were not investigated.

Sixth, Plaintiff alleges that he was subjected to retaliation by HHC and Motal under the NYCHRL with respect to an alleged verbal counseling, an alleged stripping of his alleged supervisory duties in 2014, and an alleged delay in promotion to Social Worker Level II.

I will now explain several general principals regarding your analysis of plaintiff's claims and the elements that he must prove to establish his claims.

Let me remind you that to find for the plaintiff on his claim, you must find that he has met his burden to prove every element of that claim by a preponderance of the credible evidence.

**13.**     **Essential Elements of Plaintiff's Claims of Discrimination on the Basis of Race, Gender, or the Intersection of Race and Gender**

I will now explain several general principles regarding your analysis of Plaintiff's claims and the elements that he must prove to establish his respective claims under each of these laws.

Let me remind you that to find for the Plaintiff on his claims, you must find that she has met her burden to prove every element of her claim by a preponderance of the credible evidence.

Source:          O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §175.1 (6th ed. 2014).

**14.**     **Essential Elements of Plaintiff's Race, Gender, or Intersection of Race and Gender Under Title VII**

Plaintiff claims race, gender, and the intersection of race and gender-based disparate treatment during certain times of his employment at Lincoln Hospital.

In order to prevail, Plaintiff must establish, by a preponderance of the evidence that:

(1) he is a member of a protected class;

(2) that he was satisfactorily performing his duties;

(3) he suffered a materially adverse employment action; and

(4) the adverse action was motivated by race discrimination, gender discrimination, or the intersection of race and gender discrimination.

Based on the evidence presented to you, you will first have to determine: (1) whether plaintiff was qualified for his position and (2) whether he suffered a materially adverse employment action which (3) was motivated by race discrimination, gender discrimination, or the intersection of race and gender discrimination. The latter prong of this test, whether the adverse action was motivated by race, gender, or the intersection of race and gender discrimination, is satisfied by plaintiff if he can prove by the preponderance of the credible evidence either (1) direct evidence shows discriminatory intent, or (2) a showing that he was subjected to disparate treatment based on his or her race, gender, or intersection of race and gender compared to persons similarly situated in all material respects to herself. Thus, plaintiff must show that non-African-American social workers, non-male social workers, or non-male African American social workers at Lincoln Hospital who were similarly situated in all material respects to himself was better treated by the respective Defendants.

In order to show that they were similarly situated to others outside the protected group, Plaintiff must show that he is 'similarly situated' in all 'material respects' to those with whom he compares herself. An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct. Plaintiff "must show an extremely high degree of similarity" between himself and the comparator. They must have "engaged in the same activity and without

circumstances that would distinguish or mitigate [their] actions or characteristics." <u>See generally</u> <u>5 Modern Federal Jury Instructions-Civil P 87.03 (2019)</u>; <u>Naumovksi v. Norris</u>, 934 F.3d 200, 213 (2d Cir. 2019)("Under Title VII, a plaintiff may succeed simply by establishing that sex (or another protected characteristic) was a motivating factor any employment practice, even though other factors also motivate the practice.")

I caution you that conclusory and speculative allegations will not suffice to demonstrate discriminatory intent. Rather, Plaintiff must point to facts that suggest that the adverse actions were motivated, at least in part, by discriminatory animus.

Source:    <u>Henny v. N.Y. State, 842 F. Supp. 2d 530, 553 (S.D.N.Y. 2012)</u>

1.    **Defendants Show a Legitimate, Non-Discriminatory Reason for Acts Complained of by Plaintiff**

If you do find that Plaintiff has shown by the preponderance of the credible evidence that he was qualified and he was subjected to a materially adverse employment action under circumstances supporting an inference of discrimination, then you will have to decide whether Defendants have proven that they had legitimate, nondiscriminatory reasons for the actions related to Plaintiff.  Defendants assert that they had legitimate, nondiscriminatory reasons for the actions taken at Lincoln Hospital.

The law generally does not require an employer to have a good reason, or, indeed, any reason in making employment decisions.  The only restriction is that an employer cannot take an adverse employment action against an employee for an illegal discriminatory reason. Hence, whether or not you agree with the Defendants' decisions, you cannot find in favor of Plaintiff unless you are persuaded that Defendants so acted because of his race, gender, or the intersection of his race and gender.  In this context I must further instruct you that you may not

second-guess whether the Defendants made the right decision or otherwise substitute your judgment for that of the Defendants.  Plaintiff cannot prevail merely by showing that she was treated in a way that he or others might think is unfair.  An employer has the right to evaluate or promote an employee in the manner it sees fit, so long as intentional discrimination is not the reason.

If you find that Defendants have shown that they had a legitimate, nondiscriminatory reason the actions taken with respect to Plaintiff you must go on to consider pretext.

## 2.      Plaintiff Must Prove That Defendants' Proffered Legitimate, Non-Discriminatory Reason Is Pretext

Once Defendants have established their actions were taken for legitimate, non-discriminatory reasons, Plaintiff has the burden of proving by a preponderance of the credible evidence that her race was a motivating factor for the actions they now complain of that were taken at Lincoln Hospital.

Plaintiff's own subjective belief that he was discriminated against is not enough to meet his burden of proving that the Defendants' stated reason for their actions are a mere pretext or disguise for discrimination.  Once Defendants have established legitimate nondiscriminatory explanations for the actions, you must determine whether Plaintiff has shown by a preponderance of the credible evidence that the reasons proffered by the Defendants are not believable and whether they are, instead, "pretextual," -- that is, that the explanations are not the true reason for Defendants' actions, but is a pretext for discrimination.

Remember, even if you find that the Defendants' explanations are not believable, Plaintiff must still establish that Defendants' real or true reasons were a pretext for intentional race, gender, or the intersection of race and gender discrimination.  In other words, a finding of

pretext alone does not mean that the true motive was discrimination.  You cannot find in favor of Plaintiff unless you are persuaded by a preponderance of the credible evidence that Defendants intentionally discriminated against Plaintiff because of his race, gender, or the intersection of his race and gender.

If you find that Plaintiff has not proven that intentional discrimination was a motivating factor that had a determinative influence on Defendants' actions, then you must find for Defendants on this claim.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 169:20, 169:21, 169:22, 171:20 (6th ed. 2014); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Brown v. Daikin Am., Inc.</u>, 756 F.3d 219, 226 n.7 (2d Cir. 2014); 42 U.S.C.  § 1981; <u>Vivenzio v. City of Syracuse</u>, 611 F.3d 98, 106 (2d Cir. 2010); <u>Ruiz v. Cnty. of Rockland</u>, 609 F.3d 486, 491 (2d Cir. 2010) (§ 1983).

## 15.      **Discrimination New York City Human Rights Law Claim**

I am now going to instruct you on the substantive law to be applied to Plaintiff's claims under the NYCHRL, which applies a slightly different standard than the one just discussed above.  The New York City Human Rights Law requires an independent analysis.

The New York City Human Rights Law requires that the Plaintiff proves by a preponderance of the evidence that he was treated less well than other employees in whole or in part <u>because</u> of race, gender, or the intersection of race and gender discrimination.

The NYCHRL, however, is not a workplace civility code.  This means that the Defendants are not be liable under the NYCHRL if they prove that the conduct complained of was nothing more than what a reasonable individual would view as petty slights or trivial inconveniences.

You cannot find in favor of Plaintiff on this claim unless you are persuaded by a preponderance of the credible evidence that Defendants intentionally treated Plaintiff less well, in whole or in part, because of an intent to discriminate based on race.

Source:        NYC Administrative Code §§ 8-107(1); Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112, 113 (2d Cir. 2013); Whitley v. Montefiore Med. Group, No. 13-CV-4126 (LTS), 2016 U.S. Dist. LEXIS 42584, at *33 (S.D.N.Y. March 30, 2016); Simmons v. Akin Gump Strauss Hauer & Feld, LLP, 2d Cir. 2013), New York Pattern Jury Instructions, 9:1 (2d Ed. 2019).

**16.    Retaliation Title VII**

In order for the plaintiff to prevail on his retaliation claims under Title VII, plaintiff must show that he: (1) engaged in a protected activity; (2) his employer was aware of this activity; (3) his employer took an adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action.

If the plaintiff fails to prove all four of these elements by a preponderance of the evidence, you must find for the defendant.

Regarding the third element, an adverse action under Title VII is "material" in the context of a retaliation claim, if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'  The anti-retaliation provision protects a person from not all retaliation, but from retaliation that produces an injury or harm.  Generally, petty slights, minor annoyances, and simple lack of good manners will not normally constitute adverse employment actions for purposes of retaliation.  Moreover, a negative performance evaluation alone is insufficient to meet this standard.  Plaintiff must demonstrate that it was accompanied by evidence of negative consequences.

Regarding the fourth element, the plaintiff must prove a causal connection between the protected activity and the alleged retaliatory act.  Plaintiff must show by a preponderance of the evidence that the alleged retaliatory acts would not have been taken but-for the plaintiff's complaints of discrimination.  Here, the plaintiff must prove by a preponderance of the evidence that retaliation was the sole motivating factor in defendant's employment decisions.

The defendants contend that there were legitimate, non-retaliatory reasons for its employment decisions, and that it would have taken the same action even in the absence of plaintiff's complaints.

Source:   Whidbee v.Garzarelli Food Specialities Inc., 223 F.3d 62, 69 (2d Cir. 2000); Schjano v. Quality Payroll Sys. Inc., 445 F.3d 597, 609 (2d Cir. 2006); Butts v. N.Y. City Dep't of Hous. Pres. & Dev., 307 Fed. Appx. 596, 599 (2d Cir. 2009); Warren v. Goord, No. 06-3349- pr, 2008 U.S. App. LEXIS 24272, at *5 (2d Cir. Nov. 26, 2008) (citing Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). Dauer v. Verizon Commc'ns Inc., 2009 U.S. Dist. LEXIS 21506 (S.D.N.Y. Mar. 17, 2009); Mauskopf v. Dist. 20 of the NY City Dep't of Educ., 229 Fed. Appx. 100, 101 (2d Cir. NY 2008). Univ. of Tex. SW Med. Ctr. V. Nassar, 133 S.Ct 2517, 2533 (2013). Mount Healthy City School dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

## 17.   Retaliation Standard Under the New York City Human Rights Law

Plaintiff claims that Defendants retaliated against him because he complained of unlawful discrimination in violation of the NYCHRL.

Under the NYCHRL, Plaintiff must establish, by a preponderance of the evidence, the following four elements to prove his retaliation claim:

First, that Plaintiff participated in a protected activity;

Second, that her employer knew of Plaintiffs participation in this protected activity;

Third, the Plaintiff was subjected to an adverse action; and

Fourth, that there was a causal connection between the protected activity and the adverse employment action.

With respect to the third element, to prove an adverse action under the NYCHRL the plaintiff must show the employer's conduct was "reasonably likely to deter a person from engaging in protected activity."

With respect to the fourth element, it must be the case that the defendant would not have taken the adverse action except as a response to the plaintiff's protected activity. The defendant must have taken the adverse action because of[1] an intent to retaliate against the plaintiff for complaining about employment discrimination.

In determining this question of defendants' motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory act, the testimony of the witnesses, and the documents in evidence. I caution you that your function is to determine only whether a motive to retaliate was the reason for the alleged retaliatory act.

Plaintiff cannot prevail merely by showing that she was treated in a way that she or others might think is unfair. An employer has the right to assign a particular job to an employee, to discipline an employee, or even to discharge an employee for any reason or no reason at all so long as intentional discrimination is not the reason. You are not to second-guess

---

[1] There is a dispute as to whether the "but for" causation applies to the CHRL. Compare Taylor v. Seamen's Soc. for Children, No. 12 Civ. 3713 (PAE), 2013 U.S. Dist. LEXIS 176914, at *64 (S.D.N.Y. Dec. 17, 2013) (applies "but for" to Title VII retaliation claim but not CHRL retaliation claim) with Songhorian v. Lee, No. 11 Civ. 36 (CM), 2013 U.S. Dist. LEXIS 147482, at *17 (S.D.N.Y. Oct. 9, 2013) (on summary judgment applied Nassar to CHRL claim).

the wisdom or reasonableness of the Defendants' employment practices or decisions. Defendants have the right to make personnel decisions for any reason, or no reason at all.

   Plaintiff's own subjective belief that he was retaliated against is not enough to meet his burden of proving that Defendants' stated reasons for their action were pretextual or a disguise for retaliation.

Source: <u>N.Y.C. Admin. Code</u> *§ 8-107(7)*; <u>Williams v. Regus Management Group, LLC</u>, 836 F. Supp.2d 159 (S.D.N.Y. 2011); <u>Williams v. New York City Housing Auth. et al</u>, 61 A.D.3d 62, 70-71 (1st Dep't 2009); 5-88 Modern Federal Jury Instructions-Civil P 88.03; <u>See Dister v. Continental Group, Inc.</u>, 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal."); <u>Taylor v. Polygram Records</u>, 94 Civ. 7689 (CSH), 1999 U.S. Dist. LEXIS 2583, at *46 (S.D.N.Y. Mar. 5, 1999) (holding that plaintiff's belief that he was discriminated against, "based on no evidence other than gut instinct," cannot support inference of discrimination).].

**18.**     **Retaliation: Evidence to be Considered in Causal Connection:**

Plaintiff must establish that there was a causal connection between his participation in a protected activity and the adverse employment action.  Under Title VII, Plaintiff must establish that Defendants subjected him to the adverse employment action because of Plaintiff's participation in the protected activity.  Under the New York City Human Rights Law, Plaintiff must establish that retaliation played a part in the employer's decision.

Plaintiff can establish this element directly, through evidence of retaliatory animus directed against Plaintiff by Defendants.  Plaintiff can also establish this indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence.  In determining this question of the motivation of the Defendants, you should consider all the evidence in the case, including the timing of the allegedly retaliatory act, the testimony of the witnesses, and the documents in evidence.  I caution you that your function is to determine only whether a motive to retaliate was the reason for the alleged retaliatory act.

Plaintiff cannot prevail merely by showing that he was treated in a way that he or others might think is unfair.  An employer has the right to assign a particular job to an employee, to discipline an employee, or even to discharge an employee for any reason or no reason at all so long as intentional discrimination is not the reason.   You are not to second-guess the reasonableness of the Defendants' employment practices or decisions.  The Defendants have the right to make personnel decisions for any reason, or no reason at all.

Plaintiff's own subjective belief that he was retaliated against is not enough to meet his burden of proving that the City's stated reasons for its actions were pretextual or a disguise for retaliation.

[Source:  See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal."); Taylor v. Polygram Records, 94 Civ. 7689 (CSH), 1999 U.S. Dist. LEXIS 2583, at *46 (S.D.N.Y. Mar. 5, 1999) (holding that plaintiff's belief that he was discriminated against, "based on no evidence other than gut instinct," cannot support inference of discrimination).]

## 19.    Pretext for All Retaliation Claims:

The Defendants have offered evidence that its actions were done for non-retaliatory reasons.  Remember that it is the plaintiff's burden to prove that the plaintiff's complaint was the reason for the Defendants decisions and that an employer may take adverse decisions against an employee for any reason, good or bad, fair or unfair, as long as it is not discriminatory or retaliatory.

In this regard, I instruct you that it is not your role to second guess the decisions of Defendants that are not based on discrimination or retaliation.   Absent discrimination or retaliation, employers such as Defendants may subject an employee such as Plaintiff to an adverse employment action for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all.  The sole inquiry here is whether Plaintiff has sustained his burden of proving by a preponderance of the evidence that Defendants were motivated to subject Plaintiff to an adverse employment action by the impermissible reason of retaliating against him for having engaged in protected activity.  Plaintiff's own subjective belief that he was retaliated against is not enough to meet his burden of proving that Defendants' stated reasons for their action were pretextual or a disguise for retaliation.

[Source: 5-88 Modern Fed. Jury Instructions-Civil P 88.03 (Instruction 88-44).]

## 20.    Damages Generally:

If the plaintiff has proven his claims by a preponderance of the evidence, you must determine the damages, if any, that he has proved by a preponderance of the evidence that

he is owed.  Do not infer that he is entitled to recover damages merely because I am instructing you on this issue.  It is exclusively your function to decide upon liability.

21.  **Compensatory Damages:**

Compensatory damages are designed to restore the plaintiff to the same position he was in prior to the injury – that is, to compensate him from the damage suffered as a direct result of the alleged discrimination or retaliation.  Two types of compensatory damages are available in this case: (1) compensation for economic loss – any loss of salary or any other economic loss; and (2) compensation for mental anguish, pain and suffering, humiliation, indignity and embarrassment.

You may not presume that plaintiff has been damaged. The burden is on the plaintiff to prove each item of his damages by a preponderance of the evidence. The damages you award must be based on the evidence presented at trial, not on speculation and guesswork. The plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages. If the plaintiff fails to do that, the plaintiff cannot recover for that item of damage.

You may award compensatory damages to plaintiff only if he proves, by a preponderance of the evidence, that his pain and suffering was actually caused by the Defendants.  In other words, it is not enough that plaintiff suffered mental pain; he must also prove that the suffering resulted from unlawful discrimination or retaliation, and not from some legitimate non-retaliatory reason.  [Source: Sands, MFJI, Instruction 87-25]

Thus, even if you find that the Defendants discriminated or retaliated against plaintiff, you must still ask whether the plaintiff has proven, by a preponderance of the evidence,

that such action caused the pain and suffering alleged.  [Authority: Sands, MFJI, Instruction 87-25).

If you believe that the plaintiff's pain and suffering was caused by some other employment action or event, you may not award compensatory damages.  This is true even if you believe that the other employment action or event was wrongful or illegal.  [Source: Sands, MFJI, Instruction 87-25]

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole - that is, to compensate him for the injuries, if any, which resulted from the City's alleged violation of plaintiff's rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

## 22.   **Nominal Damages**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

## 23.   **Court Has No Opinion**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.07 (5th ed. 2000).

## 24.      <u>Questions From Jury</u>

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury.  The courtroom deputies should be given the note and he or she will deliver it to me.  No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.08 (5th ed. 2000).

## 25.      <u>Unanimous Verdict</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender

your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.01, 106:16 (5th ed. 2000).

## 26.    <u>Special Verdict and General Verdict Forms</u>

Prior to retiring to the jury room, one of your members will be selected to act as your foreperson. The foreperson will preside over the deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Attached Special Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question, and will date and sign the special verdict, when completed.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §106.07 (5th ed. 2000).

Dated:    New York, New York
          November 12, 2021

GEORGIA M. PESTANA
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street,
New York, New York 10007-2601
Tel: 212-356-1181
wgrey@law.nyc.gov
kbarker@law.nyc.gov

By: _____/s/_____
William A. Grey
Assistant Corporation Counsel

By: _____/s/_____
Kami Barker
Assistant Corporation Counsel